James E. Mercante
Joseph R. Federici
**RUBIN, FIORELLA & FRIEDMAN LLP**
630 Third Avenue, 3rd Floor
New York, New York 10017
Tel: (212) 953-2381
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT,<br><br>- of -<br><br>MICHAEL J. ALLAN, as Owner of a 1986, 40 foot Tollycraft motor vessel "ALLAN'S ALLEY" for Exoneration from or Limitation of Liability,<br><br>Petitioner. | Civil Action No.:<br><br>**COMPLAINT FOR**<br>**EXONERATION FROM OR**<br>**LIMITATION OF LIABILITY** |

MICHAEL J. ALLAN, as Owner of a 1986, 40 foot Tollycraft motor vessel "ALLAN'S ALLEY", (hereinafter "Petitioner"), by his attorneys RUBIN, FIORELLA & FRIEDMAN LLP, as and for his Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2. Petitioner is the owner of a 1986, 40 foot Tollycraft motor vessel "ALLAN'S ALLEY" (hereinafter, the "Vessel").

3. On August 16, 2016 the Vessel was moored upon the navigable waters of the United States, on the Patchogue Bay, in the County of Suffolk, New York. That afternoon, the Vessel

caught fire and subsequently sank. The cause of the fire is unknown.

4. On August 25, 2016, a property insurer for vessel owners David Tomo and Richard Marino sent an email to counsel for Petitioner advising that the two insureds each lost a vessel in the August 16, 2016 fire, and that the insurer would be seeking reimbursement from Petitioner.

5. On August 30, 2016, Patchogue Shores Marina sent Petitioner an invoice for $6,517.50 for storage fees for dumpsters related to the August 16, 2016 fire. On November 8, 2016, counsel for Patchogue Shores Marina sent Petitioner's insurance company an invoice for repair of the marina and two invoices for storage fees for dumpsters and waste related to the August 16, 2016 fire for a total claim of $80,672.50.

6. Petitioner anticipates that claims asserted against him will exceed the amount of his interest in the Vessel on the date of the casualty.

7. Any claims, injuries, losses, damages or expenses arising from the casualty were not due to any fault, neglect, or want of care of the Petitioner and occurred without Petitioner's privity or knowledge.

8. The value of the Vessel after the casualty was determined to be $300. (EXHIBIT "A", Certificate of Market Valuation).

9. Petitioner, pursuant to Supplementary Rule F of the Federal Rules of Civil Procedure, offers an *Ad Interim* Security in the amount of $300, said amount being not less than the Petitioner's interest in the post-casualty value of the Vessel on the date of the casualty. (EXHIBIT "B", *Ad Interim* Security).

10. Venue in this district is proper.

11. Petitioner commenced this proceeding within six months of receipt of a written claim, which was received on or about August 30, 2016.

12. Petitioner is entitled to Exoneration from Liability for any claims arising from the aforementioned August 16, 2016 casualty, and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

13. Petitioner claims, in the alternative, the benefit of Limitation of Liability to the post-casualty value of the Vessel provided by 46 U.S.C. §30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof.

14. Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover its interest in the Vessel, with surety ("*Ad Interim* Security"), for payment into Court whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner, MICHAEL J. ALLAN, prays:

(1) That this Honorable Court adjudge that Petitioner is not liable for any claims, injuries, losses, damages or expenses arising out of the August 16, 2016 casualty, and is therefore entitled to exoneration from liability,

(2) If Petitioner is adjudged liable, that such liability be limited to the Petitioner's interest in the post-casualty value of the Vessel plus security for costs in the maximum amount of $300, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such Claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

(3)  That this Court issue an Order (EXHIBIT "C", proposed Order) to include the following:

   (a)  Directing the issuance of Notice to all persons asserting claims with respect to the August 16, 2016 casualty, which this Complaint seeks Exoneration from or Limitation of Liability to file their respective claims with the Clerk of this Court and to serve undersigned counsel for Petitioner a copy on or before a date to be named in the Notice. (Exhibit "D", proposed Notice).

   (b)  Directing Petitioner to file an *Ad Interim* Security as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the post-casualty value of the Vessel as of the date of the casualty, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

   (c)  Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, its representatives, insurers, and the Vessel of any and all claims, suits, action or proceedings, whether or not already begun, with respect to the casualty, except in ths proceeding.

(4)  That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: New York, New York
       January 16, 2017

**RUBIN, FIORELLA & FRIEDMAN LLP**
*Attorneys for Petitioner*

By:   **/s/ Joseph R. Federici, Esq.**
      James E. Mercante
      Joseph R. Federici
      630 Third Avenue, 3rd Floor
      New York, NY 10017
      Tel: 212-953-2381
      Fax: 212-953-2462
      E-Mail: Jmercante@rubinfiorella.com
      E-Mail: Jfederici@rubinfiorella.com
      Our File No.: 116-32772