UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN THE MATTER OF THE COMPLAINT :
:
      -of- : 17-CV-00228 (ADS)(AKT)
:
MICHAEL J. ALLAN, as Owner of a 1986, 40 foot :
Tollycraft motor vessel "ALLAN'S ALLEY" for : **ANSWER TO COMPLAINT,**
Exoneration from or Limitation of Liability, : **AFFIRMATIVE DEFENSES**
: **AND NOTICE OF CLAIM OF**
      Petitioner. : **CLAIMANT**
-----------------------------------------------------------------X **STEVEN J. SPINNER**

## ANSWER TO COMPLAINT

STEVEN J. SPINNER, a claimant in the above captioned action, as the owner of a 2016, 22 foot Robalo R22 vessel bearing Hull Identification Number ROBW0245B616, by and through his attorneys, Lennon, Murphy & Phillips, LLC, as and for his answer to the Complaint filed by Petitioner Michael J. Allan for Exoneration from or Limitation of Liability, states upon information and belief as follows:

    1.    Admits that this is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. Section 30501 *et. seq.*, and involves admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

    2.    Admits the allegations contained in Paragraph 2 of the Complaint.

    3.    Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and thus leaves Petitioner to his proof.

4. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and thus leaves Petitioner to his proof.

5. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and thus leaves Petitioner to his proof.

6. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and thus leaves Petitioner to his proof.

7. Denies the allegations contained in Paragraph 7 of the Complaint.

8. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and thus leaves Petitioner to his proof.

9. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and thus leaves Petitioner to his proof.

10. Admits that venue is proper in this District.

11. Answering Claimant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and thus leaves Petitioner to his proof.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cognizable legal cause of action.

### THIRD AFFIRMATIVE DEFENSE

The security posted or pledged by Petitioner is inadequate and improperly secured.

### FOURTH AFFIRMATIVE DEFENSE

The Petitioner has no right to exoneration from or limitation of liability under the statutes alleged by him to be applicable.

### FIFTH AFFIRMATIVE DEFENSE

The acts leading to the losses claimed where within the privity and/or knowledge of the Petitioner or those acting on his behalf.

### SIXTH AFFIRMATIVE DEFENSE

Petitioner has failed to include adequate security in the limitation fund, and as such, may not maintain this action.

### SEVENTH AFFIRMATIVE DEFENSE

There was no comparative fault by Claimant or anyone acting on his behalf.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages sustained by the other claimants and/or Petitioner were caused solely by their own negligence, misconduct, and carelessness, and not that of Claimant, thus, Claimant is not liable.

## NINTH AFFIRMATIVE DEFENSE

Petitioner's own negligence was the sole proximate cause of the incident and any damages or injuries flowing therefrom.

## AS AND FOR CLAIM OF SCOTT THOMAS

Claimant Steven J. Spinner ("Claimant"), as the owner of a 2016, 22 foot Robalo R22 vessel bearing Hull Identification Number ROBW0245B616 ("Claimant's Vessel"), by and through his attorneys, Lennon, Murphy & Phillips, LLC, and pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, alleges upon information and belief, unless otherwise specifically stated, that:

1. On or about Tuesday, August 16, 2016, Claimant's Vessel was lawfully and properly moored in its slip in the navigable waters of United States, on the Patchogue Bay, more specifically, at the Patchogue Shores Marina, located in the County of Suffolk, State of New York.

2. Petitioner, Michael J. Allan, is the owner of a 1986, 40 foot Tollycraft motor vessel bearing the name "ALLAN'S ALLEY" ("Petitioner's Vessel"). On or about August 16, 2016, Petitioner's Vessel was lawfully and properly moored upon the navigable waters of the United States, on the Patchogue Bay, more specifically, at the Patchogue Shores Marina, located in the County of Suffolk, State of New York.

3. At all relevant times herein, Petitioner owned, manned, operated, maintained and/or otherwise controlled Petitioner's Vessel.

4. At all relevant times herein, Claimant owned, manned, operated, maintained and/or otherwise controlled Claimant's Vessel.

5. On or about August 16, 2016, without any fault on part of the Claimant's Vessel, Petitioner's Vessel caught fire and later sank. Said fire migrated to Claimant's Vessel.

6. Claimant's Vessel sustained damage in the fire which started on and migrated to Claimant's Vessel. Said damage included but is not limited to extensive soot and smoke damage to the gel coat, non-skid, vinyl seat and vinyl surfaces, as well as the Sunbrella T-Top bimini, Sunbrella console cover, Sunbrella leaning post cover, and the vinyl aft seating covers. Additionally, Claimant's Vessel was stained black from the smoke and soot.

7. The damage to Claimant's Vessel was not caused by or contributed to in any way by Claimant, but was due solely to the fault and/or negligence and/or gross negligence and/or carless conduct and/or willful misconduct of the Petitioner, and those in charge of Petitioner's Vessel.

8. The Petitioner and/or his employees, agents, contractors and/or servants had knowledge and privity of the acts of negligence and/or gross negligence and/or carless conduct and/or willful misconduct which caused the damage to Claimant's Vessel and the damages sustained by Claimant as alleged herein.

9. Claimant seeks damages, including but not limited to, property and consequential damages, as a result of the fire that originated on the Petitioner's Vessel and migrated to Claimant's Vessel, causing harm to Claimant's Vessel.

**WHEREFORE**, Claimant respectfully demands judgment against Petitioner together with the costs and fees of this action, and such other, further, and/or different relief as this Honorable Court may deem just, proper and equitable.

Dated: New York, New York
      June 1, 2017

Lennon, Murphy & Phillips, LLC
*Attorneys for Claimant Steven J. Spinner*


    /S/ Anne C. LeVasseur
Charles E. Murphy, Esq.
Anne C. LeVasseur, Esq.
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050
cem@lmplaw.net
acl@lmplaw.net

## **CERTIFICATE OF SERVICE**

I, Anne C. LeVasseur, hereby certify that on June 1, 2017, a copy of the foregoing was filed electronically via this Court's CM/ECF system and that notice of same was sent via electronic mail to all attorneys of record by operation of the Court's CM/ECF system. The parties to this action may access the foregoing through this Court's CM/ECF system.

    /S/ Anne C. LeVasseur
Anne C. LeVasseur
